UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GAINES, *et al.*,

                    Plaintiff,

- against -

DICKERSON,

                    Defendant.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

15 Civ. 7173 (AMD)

**ANN DONNELLY**, District Judge.

    The plaintiffs, Sharon Gaines and Nadir Sarigul, filed their complaint on December 18, 2015, alleging that they suffered serious personal injuries in a July 12, 2014 car accident caused by the negligence of defendant Erin Dickerson. The complaint alleged that the plaintiffs were both residents of Kings County, New York, that the defendant was a resident of New Jersey, and that the accident took place on White Horse Pike, in Galloway, New Jersey.

    On February 29, 2016, pursuant to my individual rules, the defendant filed a letter requesting a pre-motion conference in anticipation of a motion to dismiss the complaint for lack of personal jurisdiction. (ECF 4.) In her letter, the defendant noted that she was a New Jersey resident, and was being sued as a result of an accident that took place in New Jersey. (*Id.* at 1.) She further noted that the complaint alleged no facts that connected her or the car accident to New York. (*Id.*)

    After the plaintiffs did not respond to the defendant's letter requesting a pre-motion conference within the time prescribed by my individual rules, I issued an order to show cause

1

requiring the plaintiffs to demonstrate why the complaint should not be dismissed for lack of personal jurisdiction over the defendant. After the plaintiffs failed to respond to the order to show cause, I extended the deadline twice before the plaintiffs submitted a letter to the court on April 4, 2016. (ECF 5.)

Although styled as a response to the court's order to show cause, the plaintiffs' letter did not directly address the question of whether this court has personal jurisdiction over the defendant. Rather, the plaintiffs asked the court to assist in settlement discussions, and if the case cannot be settled, to transfer the case to the District of New Jersey.

## ANALYSIS

A federal court's personal jurisdiction over a non-resident in a diversity action is governed by the law of the forum state—in this case, New York. *C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc.*, 455 F.Supp.2d 218, 222 (E.D.N.Y. 2006). New York's long-arm statute provides, in relevant part, for jurisdiction over a non-domiciliary who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> (3) commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possesses any real property situated within the state.

N.Y. Civ. L. & R. 302(a).[1] "The burden of establishing personal jurisdiction is on the plaintiff." *Morales v. Schofield*, 174 F.R.D. 253, 257 (E.D.N.Y. 1997).

Here, the complaint does not allege that the defendant transacts any business in the state, owns any property here, or has any other contacts with or connections to New York. Although a request for dismissal of a case for lack of personal jurisdiction is "inherently a matter requiring the resolution of factual issues outside the pleadings," *Yellow Page Solutions, Inc. v. Bell Atl., Yellow Pages Co.*, No. 00 Civ. 5663, 2001 WL 1468168, at *1 (S.D.N.Y. Nov. 19, 2001) (internal quotes and citation omitted), in their response to the court's order to show cause, the plaintiffs did not provide any facts or evidence connecting the defendant to New York in any way. (ECF 5.) Instead, the plaintiffs were silent on the issue of whether this court has personal jurisdiction over the defendant.

On similar facts—a New York plaintiff injured in a car accident outside of New York with a non-domiciliary defendant who has no New York contacts—New York courts have found that they did not have personal jurisdiction over the defendant. *See Morales*, 174 F.R.D. at 258 (court did not have personal jurisdiction over the defendant in a case arising out of a car accident that took place in Massachusetts between a New York plaintiff and a Rhode Island defendant who conducted no business in New York, had no real property in New York, and had no other

---

[1] In addition, N.Y. Civ. L. & R. 301 provides that "[a] court may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." This provision preserves common law bases of personal jurisdiction, such as "doing business." *Goldenberg v. Lee*, No. 97-cv-5297, 1999 WL 390611, at *2 (E.D.N.Y. Apr. 15, 1999). There is a split among the First and Second Departments as to whether a "doing business" analysis is applicable to individual defendants, and the New York Court of Appeals has yet to decide the issue. *Id.* But whether or not a "doing business" analysis under CPLR 301 applies to individuals is not relevant to this action, as there is no allegation or evidence that the defendant has done any business in New York.

contacts in New York); *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 159 (1st Dep't 1992) (in a case involving a car accident in South Carolina between a New York plaintiff and a non-New York resident employee of a foreign corporation who did not "engage[] in in any activity whatsoever in New York," the nonresident individual defendant's motion to dismiss for lack of personal jurisdiction should have been granted)[2]; *Bramwell v. Tucker*, 107 A.D.2d 731, 733 (2d Dep't 1985) (New York court did not have personal jurisdiction over New Jersey domiciliary defendant in case arising out of car accident that took place in New Jersey between plaintiff, a New York domiciliary, and defendant).

There are no facts in the record that connect the defendant to New York in a way that could justify personal jurisdiction over the defendant. I therefore find that this court does not have personal jurisdiction over the defendant, and respectfully direct the Clerk of the court to dismiss the plaintiffs' complaint without prejudice and close the case.

---

[2] In *Lancaster*, the court noted that CLPR 302(a)(3), which provides that a New York court has personal jurisdiction over a non-New York domiciliary who commits a tortious act without the state causing injury to person or property within the state, "may superficially appear to have some relevance to the case at hand." 177 A.D.2d at 158. "[U]pon more careful analysis," however, the court found that "it is clear that it does not apply here, because the out-of-State tortious act did not cause injury in New York within the meaning of the statute." *Id.* The court noted that while the plaintiff's pain and suffering may have largely taken place in New York, the actual injury took place in South Carolina, the site of the car accident. *Id.* As "[t]he thrust of the statute is directed to the 'imparting of the original injury within the State of New York and not resultant damage,'" the court found that the statute was not applicable on the facts at hand. *Id.* (internal citations omitted); *see also Bramwell v. Tucker*, 107 A.D.2d 731, 732-33 (2d Dep't 1985) (there was no personal jurisdiction over non-domiciliary defendant in case arising out of a car accident that took place outside of New York, as "[t]he mere residence or domicile in New York of an injured plaintiff does not constitute injury within the State for the purpose of establishing jurisdiction under [CPLR 302(a)(3)] where the injury actually occurred elsewhere.") For this same reason, I find that the provision in New York's long-arm statute providing for jurisdiction over a non-New York domiciliary who commits a tortious act without the state causing injury to person or property within the state is not applicable to the present case.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                         _____
                                         Ann M. Donnelly
                                         United States District Judge

Dated: Brooklyn, New York
        April 14, 2016